UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JORGE E. ESCOBAR
and other similarly situated individuals,

    Plaintiff(s),

v.

CHOCOLATE FASHION, INC.
and PERSEVERANIA BERGER, individually

    Defendants,
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JORGE E. ESCOBAR, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants CHOCOLATE FASHION, INC., and PERSEVERANIA BERGER, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation and unpaid half-time overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JORGE E. ESCOBAR is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant CHOCOLATE FASHION, INC. (hereinafter CHOCOLATE FASHION RESTAURANT, or Defendant) is a Florida corporation, having a place of business in

    Miami-Dade County, Florida, where Plaintiff worked for Defendant. The Defendant was and is engaged in interstate commerce.

4. The individual Defendant PERSEVERANIA BERGER was and is now, the owner/officer and manager of Defendant Corporation CHOCOLATE FASHION RESTAURANT. Defendant PERSEVERANIA BERGER is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JORGE E. ESCOBAR as a collective action to recover from Defendants half-time overtime compensation, liquidated damages, retaliatory damages and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 25, 2019, (the "material time") without being properly compensated.

7. Defendant CHOCOLATE FASHION RESTAURANT is a gourmet bakery/restaurant and catering service located at 248 Andalusia Avenue, Coral Gables, Florida 33139, where Plaintiff worked.

8. Defendants CHOCOLATE FASHION RESTAURANT and PERSEVERANIA BERGER employed Plaintiff JORGE E. ESCOBAR as a line cook, and to perform general restaurant work from approximately March 25, 2019, to December 8, 20169 or 37 weeks. However,

for FLSA purposes, Plaintiff relevant time of employment is 34 weeks. Plaintiff did not work overtime hours during his first week of employment, and for two weeks before his termination.

9. The Plaintiff was hired as a non-exempted full-time, hourly, restaurant employee, and during his relevant employment period, he was paid $12.00 an hour. The Plaintiff's overtime rate should be $18.00 an hour.

10. While employed by Defendants, Plaintiff worked 6 days per week a very irregular schedule. Plaintiff worked AM and PM shifts, he worked a different number of hours every week, but he always worked in excess of 40 hours weekly.

11. Plaintiff estimates that he worked a minimum average of 48 hours every week. The Plaintiff was unable to take bonafide lunch periods.

12. The Plaintiff was paid for all his working hours, but at his regular rate of $12.00 an hour. The Plaintiff was not paid for overtime hours.

13. The Plaintiff did not clock-in and out because Defendants did not use any timekeeping device, but he signed timesheets. Defendants were able keep track the hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

15. The Plaintiff was paid weekly strictly in cash, without any record or paystub showing basic information such as number of days and hours worked, wage-rate paid, employee's taxes withheld etc.

16. On or about November 25, 2019, the Plaintiff complained to his supervisor, Chef Marcos Garcia, about the lack of payment for overtime hours.

17. Immediately after the Plaintiff's complaint, his working hours were reduced, and he was given unfair treatment in reference to his schedules. The Plaintiff reported to work as scheduled, but he was not allowed to start working alleging last-minute changes.

18. On or about December 08, 2019, the Plaintiff reported to work as scheduled, however he was sent home again. This time, Plaintiff protested and complained to his supervisor about the unexpected change of schedule, the reduction of his working hours, and the lack of payment for overtime hours. There was an argument in which Plaintiff told his supervisor Chef Marcos Garcia, that he felt discriminated and that he was suffering retaliation because of his requests to be paid for overtime hours worked. As a result of Plaintiff's complaints, Defendants fired Plaintiff on the spot.

19. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate about unpaid overtime hours based on a workweek of 48 hours average. After proper discovery, Plaintiff will adjust his Statement of Claim accordingly.

20. Plaintiff JORGE E. ESCOBAR seeks to recover half-time overtime wages for every hour in excess of 40 that he worked during the relevant employment period with Defendants, liquidated damages, retaliatory damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiff JORGE E. ESCOBAR re-adopts every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff JORGE E. ESCOBAR as a collective action to recover from Defendants' overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 25, 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendant CHOCOLATE FASHION RESTAURANT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a bakery/restaurant and is engaged in interstate commerce. The Defendant also operates an online store. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions etc. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

26. Defendants CHOCOLATE FASHION RESTAURANT and PERSEVERANIA BERGER employed Plaintiff JORGE E. ESCOBAR as a line cook and to perform general restaurant work from approximately March 25, 2019, to December 8, 2019 or 37 weeks. However, for FLSA purposes, Plaintiff relevant time of employment is 34 weeks. Plaintiff did not work overtime hours during his first week of employment, and during two weeks before his termination.

27. The Plaintiff was hired as a non-exempted full-time, hourly, restaurant employee, and during his relevant employment period, he was paid $12.00 an hour. The plaintiff's overtime rate should be $18.00 an hour.

28. While employed by Defendants, Plaintiff worked 6 days per week a very irregular schedule, an average of 48 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

29. The Plaintiff was paid for all his working hours, but at his regular rate of $12.00 an hour. The Plaintiff was not paid for overtime hours.

30. The Plaintiff did not clock-in and out because Defendants did not use any timekeeping device, but he signed timesheets. Defendants were able keep track the hours worked by Plaintiff and other similarly situated individuals.

31. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in

violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

32. The Plaintiff was paid weekly strictly in cash, without any record or paystub showing basic information such as number of days and hour worked, wage-rate paid, employee's taxes withheld etc.

33. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

34. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a workweek of 48 hours average and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   One Thousand Six Hundred Thirty-Two Dollars and 00/100 ($1,632.00)

   b. <u>Calculation of such wages</u>:

   Total time of employment: 37 weeks
   Total number of relevant weeks: 34 weeks
   Total hours worked: 48 hours weekly
   Total overtime hours: 8 hours
   Regular rate: $12.00 x 1.5= $18.00 O/T rate
   O/T rate: $18.00-$12.00 rate paid=$6.00 half-time difference

   Half-time diff. $6.00 x 8 O/T hours=$48.00 weekly x 34 weeks=$1,632.00

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents unpaid overtime wages.

36. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

38. At the times mentioned, individual Defendant PERSEVERANIA BERGER was the owner and manager of CHOCOLATE FASHION RESTAURANT. Defendant PERSEVERANIA BERGER was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of CHOCOLATE FASHION RESTAURANT in relation to their employees, including Plaintiff and others similarly situated. Defendant PERSEVERANIA BERGER had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

39. Defendants CHOCOLATE FASHION RESTAURANT and PERSEVERANIA BERGER willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE E. ESCOBAR and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JORGE E. ESCOBAR and other similarly situated individuals and against the Defendants CHOCOLATE FASHION RESTAURANT and PERSEVERANIA BERGER based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JORGE E. ESCOBAR actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JORGE E. ESCOBAR demands trial by a jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

41. Plaintiff JORGE E. ESCOBAR re-adopts every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

42. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

43. Defendant CHOCOLATE FASHION RESTAURANT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a bakery/restaurant and is engaged in interstate commerce. The Defendant also operates an online store. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce, by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

44. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

45. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

46. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

47. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

48. Defendants CHOCOLATE FASHION RESTAURANT and PERSEVERANIA BERGER employed Plaintiff JORGE E. ESCOBAR as a line cook and to perform general restaurant work from approximately March 25, 2019, to December 8, 2019 or 37 weeks. However, for FLSA purposes, Plaintiff relevant time of employment is 34 weeks. Plaintiff did not work overtime hours during his first week of employment, and during two weeks before his termination.

49. While employed by Defendants, Plaintiff worked 6 days per week a very irregular schedule. Plaintiff worked AM and PM shifts, he worked a different number of hours every week, but he always worked in excess of 40 hours weekly.

50. Plaintiff estimates that he worked a minimum average of 48 hours every week. The Plaintiff was unable to take bonafide lunch periods.

51. The Plaintiff was paid for all his working hours, but at his regular rate of $12.00 an hour. The Plaintiff was not paid for overtime hours.

52. The Plaintiff did not clock-in and out because Defendants did not use any timekeeping device, but he signed timesheets. Defendants were able keep track the hours worked by Plaintiff and other similarly situated individuals.

53. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

54. The Plaintiff was paid weekly strictly in cash, without any record or paystub showing basic information such as number of days and hour worked, wage-rate paid, employee's taxes withheld etc.

55. Plaintiff was not in agreement with the payment received for his working hours and on or about November 25, 2019, the Plaintiff complained to his supervisor, Chef Marcos Garcia. The Plaintiff demanded to be paid for overtime hours.

56. This complaint constituted protected activity under the Fair Labor Standards Act.

57. Immediately after the Plaintiff's complaint, his working hours were reduced, and he was given unfair treatment in reference to his schedules.  The Plaintiff reported to work as scheduled, but he was not allowed to start working alleging last-minute changes.

58. On or about December 08, 2019, the Plaintiff reported to work as scheduled, however he was sent home again. This time, Plaintiff protested and complained to his supervisor about the unexpected change of schedule, the reduction of his working hours, and the lack of payment for overtime hours. There was an argument in which Plaintiff told his supervisor Chef Marcos Garcia, that he felt discriminated and that he was suffering retaliation because

of his requests to be paid for overtime hours worked. As a result of Plaintiff's complaints, Defendants fired Plaintiff on the spot.

59. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

60. There is proximity between Plaintiff's protected activity and his termination.

61. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

62. At the times mentioned, individual Defendant PERSEVERANIA BERGER was the owner and manager of CHOCOLATE FASHION RESTAURANT. Defendant PERSEVERANIA BERGER was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of CHOCOLATE FASHION RESTAURANT in relation to their employees, including Plaintiff and others similarly situated. Defendant PERSEVERANIA BERGER had absolute financial and operational control of the Corporation, he determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

63. Plaintiff JORGE E. ESCOBAR seeks to recover overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

64. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE E. ESCOBAR respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against the Defendants CHOCOLATE FASHION RESTAURANT and PERSEVERANIA BERGER that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants CHOCOLATE FASHION RESTAURANT and PERSEVERANIA BERGER to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JORGE E. ESCOBAR further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff JORGE E. ESCOBAR demands trial by a jury of all issues triable as of right by jury.

Dated:  February 1, 2020

>Respectfully submitted,
>
>By: __/s/ Zandro E. Palma____
>ZANDRO E. PALMA, P.A.
>Florida Bar No.: 0024031
>9100 S. Dadeland Blvd.
>Suite 1500
>Miami, FL 33156
>Telephone: (305) 446-1500

                Facsimile: (305) 446-1502
                zep@thepalmalawgroup.com
                *Attorney for Plaintiff*